IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**Josephine McNeal, Administrator**
**of the Estate of James McNeal, Jr.,**
**As Next Friend, et al.,**

      **Plaintiffs,**

      **vs.**

**KARL ZOBRIST, in his official**
**capacity as Board President of The**
**Board of Police Commissioners of**
**Kansas City, Missouri, et al.,**

      **Defendants.**

CIVIL ACTION
No. 04-2149-GTV

## MEMORANDUM AND ORDER

Plaintiff Josephine McNeal, as administrator of the estate of James McNeal, Jr., and James McNeal, III and Jaron McNeal, minor children of James McNeal, Jr. (collectively "Plaintiffs"), bring this action pursuant to 42 U.S.C. § 1983 against Defendants Karl Zobrist, Javier M. Perez, Angela Wasson-Hunt, James Wilson, and Kay Barnes, in their official capacities as members of the Board of Police Commissioners of Kansas City, Missouri, and against Defendants Chris Praschak and John Pickens, officers of the Kansas City, Missouri Police Department.  Plaintiffs' First Amended Complaint ("amended complaint") contains four counts:  (1) Defendant Praschak used excessive force against James McNeal, Jr. in violation of the Fourth Amendment; (2) Defendant Praschak subjected James McNeal, Jr. to an unreasonable bodily intrusion in violation

of the Fourth Amendment; (3) the individual members of the Board of Police Commissioners, pursuant to official policy, custom, and practice, failed to instruct, supervise, control and discipline Defendants Praschak and Pickens in violation of James McNeal, Jr.'s constitutional rights; and (4) "Unidentified Defendant Supervisor" failed to properly supervise his subordinates and deprived James McNeal, Jr. of his right to be free from an unreasonable seizure of his person in violation of the Fourth Amendment.

This action is before the court on Defendant Pickens's motion to dismiss (Doc. 27). Specifically, Defendant Pickens argues that: (1) Plaintiffs James McNeal, III and Jaron McNeal should be dismissed as parties pursuant to this court's July 8, 2004 order; (2) he should be dismissed from this action because Plaintiffs' amended complaint fails to set forth a claim of liability against him; and (3) "Unidentified Defendant Supervisor" should be dismissed because that individual is not listed in the case caption and has not been served process. For the following reasons, Defendant Pickens's motion is granted in part, and denied in part.

## I. STANDARD OF REVIEW

A rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984) (citation omitted). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. Id. (citation omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but

whether the plaintiff is entitled to offer evidence to support her claims. Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).

## II. FACTUAL BACKGROUND

On January 5, 2003, Defendants Praschak and Pickens, officers of the Kansas City, Missouri Police Department, followed the deceased, James McNeal, Jr., and two others riding in a sports utility vehicle in the midtown area of Kansas City, Missouri. Plaintiffs allege that without legal authority, justification or cause, Defendants Praschak and Pickens chased the sports utility vehicle into Kansas City, Kansas. Eventually, the vehicle stopped. The two passengers riding with James McNeal, Jr. left on foot because they were the subjects of outstanding warrants and did not want to be arrested. Plaintiffs further allege that James McNeal, Jr. remained in the vehicle and cooperated with the police officers. At some point, a shooting occurred and James McNeal, Jr. received two gun shot wounds. He died later that day. Plaintiffs assert that at no point did Defendants Praschak and Pickens activate their emergency sirens, turn on their video systems in their police cars, or contact other officers of the Kansas City, Kansas Police Department for assistance. Plaintiff also claims that an "Unidentified Defendant Supervisor" was closely monitoring the situation, but failed to take adequate steps to ensure that James McNeal, Jr.'s injuries did not become worse after he was shot.

## III. DISCUSSION

### A. Dismissal of James McNeal's Minor Children as Plaintiffs

First, Defendant Pickens maintains that Plaintiffs' amended complaint improperly names

Plaintiffs James McNeal, III and Jaron McNeal, the minor children of James McNeal, Jr., as parties to this action, citing the court's July 8, 2004 order for support. In that order, this court explained that the Tenth Circuit required Plaintiffs to open an estate in § 1983 death cases. See Berry v. Muskogee, 900 F.2d 1489, 1506-07 (10th Cir. 1990) (holding that the proper federal remedy in § 1983 death cases is "a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is 'to the party injured'"). In fact, this court's order stated that "the proper party to bring this claim is the personal representative of the decedent's estate, not Plaintiffs." While Plaintiffs' attorneys did open an estate on behalf of the decedent, James McNeal, III and Jaron McNeal are still named as plaintiffs in the amended complaint. Plaintiffs' attorneys refute Defendant Pickens's argument by stating that James McNeal, III and Jaron McNeal are proper parties in this § 1983 lawsuit because they are potential beneficiaries and heirs-at-law. This assertion is in direct contravention with the court's July 8, 2004 order, which stated: "[a]gain, the court reminds Plaintiffs that these claims must be brought by a representative of the decedent's estate, not by Plaintiffs in their individual capacity as heirs-at-law." See Dohaish v. Tooley, 670 F.2d 934, 936 (10th Cir. 1982) (stating that a § 1983 action "does not accrue to a relative, even the father of the deceased"); Tomme v. City of Topeka, No. 89-2033-V, 1992 WL 81334, at *3 (D. Kan. Mar. 4, 1992) (stating that "an heir at law may not bring a wrongful death action under section 1983 for the alleged infringement of the decedent's constitutional rights"). Accordingly, Josephine McNeal, as administrator of the estate of James McNeal, Jr., is the only proper plaintiff. The court concludes that Plaintiffs James McNeal, III and Jaron McNeal should be dismissed from this lawsuit.

B.  Dismissal of Defendant Pickens

Next, Defendant Pickens argues that he should be dismissed from this case due to Plaintiffs' failure to state a claim against him.  Although Plaintiffs' amended complaint names him as a defendant, Defendant Pickens points out that the four counts contained in their amended complaint are against Officer Praschak (Counts I and II), the individual members of the Board of Police Commissioners (Count III), and "Unidentified Defendant Supervisor" (Count IV).  Plaintiffs respond that Defendant Pickens is a potentially liable and indispensable party to this lawsuit and that his inclusion as a named defendant is supported by references to him in the "Parties" and "Facts" sections in their amended complaint.  Plaintiffs add that the extent of Defendant Pickens's involvement will not be ascertained until discovery is complete.  Moreover, Plaintiffs assert that Defendant Pickens filed an answer to their original complaint, and therefore, he is precluded from asserting this defense.

The court concludes that Plaintiffs' amended complaint fails to state a claim against Defendant Pickens.  Plaintiffs' original complaint contained three counts that referred generally to "defendants."  That complaint, however, has been superseded by Plaintiffs' amended complaint and has no legal effect.[1]  Hobdy v. United States, No. 90-4003-S, 1990 WL 203160, at *2 (D. Kan. Nov. 9, 1990) (citing Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668-69 (2d Cir. 1977)).  As Defendant Pickens correctly observes, Plaintiffs' amended complaint names specific defendants in the heading of all four counts: "Count I: Excessive Force by Defendant Praschak Cognizable

---

[1]  On this basis, the court rejects Plaintiffs' waiver of defense argument.

5

Under [42] U.S.C. § 1983"; "Count II: Violation of Bodily Integrity By Defendant Prashack Cognizable Under 42 U.S.C. § 1983"; "Count III: Failure to Instruct, Supervise, Control, and Discipline Directed Against the Board of Police Commissioners Cognizable Under 42 U.S.C. § 1983"; and "Count IV: Supervisory Liability of Unidentified Defendant Supervisor Cognizable Under 42 U.S.C. § 1983." Even though Plaintiffs' amended complaint incorporates by reference all previous paragraphs, including the "Parties" and "Facts Common to All Counts" sections, Plaintiffs have failed to make allegations sufficient to withstand Defendant Pickens's motion to dismiss.

In the "Facts Common to All Counts" section of Plaintiffs' amended complaint, Plaintiffs allege that Defendants Pickens and Praschak chased James McNeal, Jr. and his passengers in a pursuit that eventually lead to James McNeal, Jr.'s death. In particular, it is alleged that Defendants Praschak and Pickens lacked the legal authority, justification or cause to pursue James McNeal, Jr.'s vehicle, failed to activate the emergency sirens and video systems on their police cars, and failed to contact officers from the Kansas City, Kansas Police Department. Counts I-IV, however, make specific allegations that are not attributable to Defendant Pickens. Counts I and II allege Fourth Amendment violations against Defendant Prascak as a result of *his* unlawful shooting of James McNeal, Jr (emphasis added). Count III is directed at the policies and practices maintained by the Board of Police Commissioners of Kansas City, Missouri. Finally, Count IV is based on supervisor liability. Plaintiffs are the masters of their own complaint and the court will not create a cause of action against Defendant Pickens where one is not alleged. To the extent Plaintiffs intended to state a constitutional violation against Defendant Pickens, the allegations

6

in their amended complaint are insufficient to support one.  Furthermore, Plaintiffs have failed to establish that complete relief could not be afforded in the absence of Defendant Pickens. Accordingly, Defendant Pickens is dismissed without prejudice.

### C.  Dismissal of Unidentified Supervisor

Lastly, Defendant Pickens moves to dismiss "Unidentified Defendant Supervisor" named in Count IV of Plaintiffs' amended complaint because:  (1) "Unidentified Defendant Supervisor" is not listed in the case caption; and (2) has never been served process.  Defendant Pickens does not have standing to assert these arguments.  The court, however, addresses these issues, *sua sponte*, and determines that dismissal is not warranted on these grounds.

Fed R. Civ. P. 10(a) states that "[i]n the complaint the title of the action shall include the names of all the parties . . . ."  Nevertheless, "a party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant."  Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  Here, Count IV of Plaintiffs' amended complaint alleges a § 1983 violation against "Unidentified Defendant Supervisor."  The mere fact that Plaintiffs failed to include "Unidentified Defendant Supervisor" in the caption is not sufficient for dismissal.

Second, the court determines that "Unidentified Defendant Supervisor" may not be dismissed due to failure to serve process.  Plaintiffs maintain that on November 22, 2004, Defendant Pickens's counsel agreed to accept service on behalf of all defendants.  Plaintiffs are incorrect.  On November 22, 2004, Defendants Pickens and Praschak's counsel entered an appearance pursuant to Fed. R. Civ. P. 4(d)(1) *only* on behalf of "the individually named board

members of the Kansas City Board of Police Commissioners" (emphasis added). Plaintiffs also argue that "Unidentified Defendant Supervisor," "as an employee of the Kansas City Police Department, has been served through notice to Lisa Morris and Dale Close in previous correspondence." Plaintiffs, however, have failed to provide the court with any such documentation. Moreover, the court is not aware of any statute or rule providing that correspondence to counsel satisfies the service of process requirement.

Defendant Pickens's claim against "Unidentified Defendant Supervisor" implicates Fed. R. Civ. P. 4(m), which states, in pertinent part, that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon . . . its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . . ." Plaintiffs filed their amended complaint on October 14, 2004. The 120-day time limit for service has not yet expired. The court advises Plaintiffs' attorneys, however, that if the 120-day time limit expires without effecting proper service on "Unidentified Defendant Supervisor," the court will issue an order to show cause why this individual should not be dismissed for failure to identify this person and to effect service within Fed. R. Civ. P. 4(m)'s time limit.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant Pickens's motion to dismiss (Doc. 27) is granted in part, and denied in part. Defendant Pickens is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiffs James McNeal, III and Jaron McNeal are dismissed from this lawsuit.

Copies of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 24th day of January 2005.

                                              /s/ G.T. VanBebber
                                              G. Thomas VanBebber
                                              United States Senior District Judge