## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPHINE McNEAL, Administrator ) | |
| of the Estate of James McNeal, Jr., ) | |
| As Next Friend, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION** |
| vs. ) | |
| ) | **No. 04-2149-CM** |
| KARL ZOBRIST, in his official ) | |
| capacity as Board President of The ) | |
| Board of Police Commissioners of ) | |
| Kansas City, Missouri, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Josephine McNeal, as administrator of the estate of James McNeal, Jr., brings this action

pursuant to 42 U.S.C. § 1983 against defendants Karl Zobrist, Javier M. Perez, Angela Wasson-Hunt, James

Wilson, and Kay Barnes, in their official capacities as members of the Board of Police Commissioners of

Kansas City, Missouri; and defendants Chris Praschak, Roy True, and James Rubenstein, officers of the

Kansas City, Missouri Police Department.[1]   Additionally, under the court's supplemental jurisdiction, 28

U.S.C. § 1367, plaintiff asserts a state law outrage claim against all defendants.

This action is before the court on defendants True and Rubenstein's Motion to Dismiss (Doc. 63).

_____

[1]      The case was transferred to the undersigned judge after the death of Judge G. Thomas VanBebber.

Specifically, defendants True and Rubenstein maintain that plaintiff failed to plead her claims against them before the applicable statute of limitations expired.

## I.  Procedural History

On March 8, 2004, plaintiff filed a petition in the District Court of Wyandotte County, Kansas against Chris Praschak and John Pickens, officers employed by the Kansas City, Missouri Police Department; the Kansas City Board of Police Commissioners; the Kansas City, Missouri Police Department; and Missouri Attorney General Jeremiah Nixon.  The named defendants removed the action to federal court in April 2004 (Doc. 1).

On July 8, 2004, Judge VanBebber dismissed the Kansas City Board of Police Commissioners, the Kansas City, Missouri Police Department, and Missouri Attorney General Jeremiah Nixon; dismissed plaintiff's state law outrage claim as time-barred; and granted plaintiff leave to file an amended complaint (Doc. 17). Plaintiff filed a First Amended Complaint on October 14, 2004, asserting claims against Chris Praschak, the individual members of the Board of Police Commissioners of Kansas City, Missouri (the "Board members"), and "Unidentified Defendant Supervisor" (Doc. 25).[2]

On April 5, 2005, Judge VanBebber granted plaintiff leave to file an amended complaint (Doc. 58). Plaintiff's Second Amended Complaint, filed on April 15, alleged § 1983 claims against Chris Praschak and the Board members, as well as Captain Roy True and Sergeant James Rubenstein, supervising officers employed by the Kansas City, Missouri Police Department (Doc. 59).  On April 18, Judge VanBebber denied

---

[2]     Although plaintiff's First Amended Complaint named Officer John Pickens as a defendant in the caption, the body of the complaint did not assert a claim against him.  As a result, Judge VanBebber dismissed Officer John Pickens without prejudice on January 25, 2004 (Doc. 46).

2

the Board members' motion to dismiss on the basis of personal jurisdiction and granted plaintiff leave to file an

amended complaint to reinsert her state law outrage claim (Doc. 60).[3]

On April 28, 2005, plaintiff filed her Third Amended Complaint (Doc. 61).  That pleading alleges that

Officer Chris Praschak used excessive force against James McNeal, Jr. and subjected him to an unreasonable

bodily intrusion; the Board members, pursuant to official policy, custom, and practice, failed to instruct,

supervise, control, and discipline officers of the Kansas City, Missouri Police Department; Captain Roy True

and Sergeant James Rubenstein failed to properly supervise Officers Chris Praschak and John Pickens in the

performance of their duties; and the outrageous conduct of all defendants caused plaintiff and the immediate

family of James McNeal, Jr. to suffer severe emotional distress.

## II. Factual Background

The following facts are taken from the allegations contained in Plaintiff's Third Amended Complaint.

On January 5, 2003, Officers Chris Praschak and John Pickens followed James McNeal, Jr., and two

others riding in a sports utility vehicle in the midtown area of Kansas City, Missouri.  Plaintiff alleges that without

legal authority, justification or cause, Officers Praschak and Pickens chased the sports utility vehicle into Kansas

City, Kansas.  Eventually, the vehicle stopped.  The two passengers riding with James McNeal, Jr. left on foot

because they were the subjects of outstanding warrants and did not want to be arrested.  Plaintiff further alleges

that James McNeal, Jr. remained in the vehicle and cooperated with the police officers.  At some point, Officer

Praschak shot James McNeal, Jr. in the wrist and chest, resulting in his death.   Plaintiff contends that Officers

---

[3]      Judge VanBebber reversed his prior dismissal of plaintiff's outrage claim after observing that the Kansas
Supreme Court's recent decision in *Hallam v. Mercy Health Center of Manhattan*, 278 Kan. 339,
346, 97 P.3d 492 (2004) clarified that such claims were governed by a two-year statute of limitations.

Praschak and Pickens never activated the emergency lights, siren, or video system in their police cars, and that they failed to adequately contact officers of the Kansas City, Kansas Police Department for assistance. Plaintiff also claims that Captain Roy True and Sergeant James Rubenstein closely monitored the situation, but failed to properly supervise their subordinates.

### III.  Standard of Review

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citing *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 556 (10th Cir. 1999)). "A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Callery v. United States Life Ins. Co.*, 392 F.3d 401, 404 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### IV.  Discussion

Defendants True and Rubenstein ("defendants") contend that plaintiff's § 1983 and state law outrage claims against them are barred by the applicable two-year statute of limitations. *See Johnson v. Johnson County Common Bd.*, 925 F.2d 1299, 1300-01 (10th Cir. 1991) (explaining that the court applies the two-year statute of limitations provided by Kan. Stat. Ann. § 60-513(a)(4) to § 1983 claims); *Hallam*, 278 Kan. at 346 (holding that the tort of outrage is subject to a two-year statute of limitations). Defendants calculate that the statute of limitations for those claims expired on January 5, 2005, maintaining that the claims accrued on January 5, 2003, the date James McNeal, Jr. was shot and killed. Defendants state that plaintiff did not assert any claims against them until she filed her Second Amended Complaint on April 15, 2005. Furthermore,

4

defendants argue that plaintiff's claims against them do not relate back to her First Amended Complaint, filed on October 14, 2004, which included a claim against an "Unidentified Defendant Supervisor."

In response, plaintiff acknowledges that by her inclusion of "Unidentified Defendant Supervisor," she intended to assert a claim against an officer in a supervisory position who monitored the pursuit and eventual shooting of James McNeal, Jr. Upon learning the true identity of the supervisors involved, plaintiff states that she added defendants True and Rubenstein to the list of defendants. Plaintiff argues that her claims against defendants True and Rubenstein are timely because they arose out of the conduct alleged in her original state court petition and First Amended Complaint, which she filed before the statute of limitations expired. The court disagrees.

Federal Rule of Civil Procedure 15(c) governs the relation back of amendments to pleadings. The rule states that an amended pleading will relate back to the date of the original pleading when:

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identify of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Plaintiff's substitution of defendants True and Rubenstein for "Unidentified Defendant Supervisor" amounted to adding two new parties. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (citation omitted) (determining that the plaintiff's "substitution of named defendants for the original unknown 'John Doe'

5

defendants amounted to adding a new party"); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir.

1984) (same); *Henry v. FDIC*, 168 F.R.D. 55, 58 (D. Kan. 1996) (citing *Graves v. Gen. Ins. Corp.*, 412

F.2d 583, 585 (10th Cir. 1969) (observing that a substitution that replaces a John Doe defendant "is like the

filing of a new lawsuit"). Accordingly, plaintiff must satisfy all the conditions set forth in Fed. R. Civ. P. 15(c)(3)

in order for her addition of defendants True and Rubenstein to relate back to the date of her First Amended

Complaint. *Garrett*, 362 F.3d at 696 (citing *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1226-27

(10th Cir. 1991)); *Watson*, 733 F.2d at 1389 (citing *Archuleta v. Duffy's Inc.*, 471 F.2d 33, 35-36 (10th Cir.

1973)). Plaintiff, however, fails this test.

"[A]s a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a

'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)." *Garrett*, 362

F.3d at 696; *see Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1248-49 (D. Kan. 2003) (citations

omitted) (determining that the plain language of Fed. R. Civ. P. 15(c)(3) does not allow for relation back where

a plaintiff's failure to properly identify a defendant is based on a lack of knowledge as opposed to a mistake

or misnomer); *Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1198 (D. Kan. 1999) (explaining that

"an amended complaint replacing an unnamed defendant with a named party does not relate back to the date

on which the original complaint was filed because the name of John Doe as a defendant does not constitute a

mistake in identification").

The court concludes that plaintiff's claims against defendants True and Rubenstein are time-barred.

The court agrees with defendant's position that plaintiff's § 1983 and state law outrage claims accrued on

January 5, 2003 and expired on January 5, 2005. Moreover, this point is not disputed by plaintiff. Plaintiff's

Second Amended Complaint substituting defendants True and Rubenstein for "Unidentified Defendant

Supervisor" was filed on April 15, 2005, outside the limitations period.  As stated above, plaintiff's failure to

discern the identities of defendants True and Rubenstein until this time does not amount to the type of formal

defect addressed by Fed. R. Civ. 15(c)(3).  *Garrett*, 362 F.3d at 697; *see Wesley*, 42 F. Supp. 2d at 1198

(stating that "the replacement of a John Doe defendant with a named party constitutes the substitution of a party

rather than the correction of a misnomer").  Thus, plaintiff's substitution of defendants True and Rubenstein for

"Unidentified Defendant Supervisor" fails to relate back to the filing of her First Amended Complaint.

**IT IS THEREFORE ORDERED** that defendant True and Rubenstein's Motion to Dismiss (Doc.

63) is granted.  The court hereby dismisses defendants True and Rubenstein as parties to this action.

Dated this 25th day of July 2005, at Kansas City, Kansas.

**/s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**