# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSEPHINE McNEAL, Administrator
of the Estate of James McNeal, Jr.,

    Plaintiff,

v.                                                Case No.  04-2149 CM-GLR

KARL ZOBRIST, In His Official
Capacity as Board President of the
Board of Police Commissioners
of Kansas City, Missouri, et al.,

    Defendants.

## ORDER

This matter comes before the court on Plaintiff's Motion To Compel & Motion For Additional Time To Produce Expert Reports (doc. 106).  For the reasons set forth below, Plaintiff's motions are denied.

In the pretrial conference on October 13, 2005, the deadline for Plaintiff to provide an expert witness designation and report was set for no later than November 3, 2005.  On October 28, 2005, Plaintiff filed this Motion To Compel & Motion For Additional Time To Produce Expert Reports (doc. 106).  Plaintiff argues that she is unable to produce an expert witness report because the expert witness does not have access to all relevant evidence and information needed to generate an intelligible and helpful report.

Defendants argue the final pretrial order does not allow the discovery Plaintiff seeks to compel, and that the request for production of documents comes after the close of discovery, which was

September 2, 2005. Defendants also state that Plaintiff's Golden Rule Letter fails to comply with Plaintiff's basic duty to reasonably confer with opposing counsel before filing a motion to resolve discovery. Defendant's contention is correct. Under Local Rule 37.2, the court will not resolve a discovery dispute without a reasonable effort on the part of the moving party to confer with opposing counsel. Merely mailing or faxing a letter does not constitute a good faith effort to achieve discovery without the intervention of the court under Local Rule 37.2.

Defendant also argues that any attempt by Plaintiff to compel subpoenas against third parties is invalid because of Plaintiff's failure to attach subpoenas to the current motion, as required by Local Rule 37.1(a). If Plaintiff is seeking to compel discovery against subpoenaed third parties, Plaintiff must produce evidence of such subpoenas. Any default on a subpoena request must be objected to within 30 days of the default under Local Rule 37.1(b). Plaintiff's Response and Request For Evidentiary Hearing To Defendant's Answer on Plaintiff's Motion To Compel states that subpoenas were served on March 23, April 19, April 21, and October 28. Accordingly, Plaintiff's objections to a default on a response to a subpoena is not timely because Plaintiff's Motion to Compel is either beyond the 30-day limit or prior to any default.

Furthermore, many of Plaintiff's discovery requests are items not in the control of Defendants. Plaintiff has not made it clear how a motion to compel Defendant Kansas City Missouri Police Department (KCMOPD) would result in discovery of items in control of the Kansas City Kansas Police Department (KCKSPD). Contrary to Plaintiff's contention, the items sought are not clearly within the control of the KCMOPD if they are in the possession of the KCKSPD. Accordingly, even if the Motion to Compel was granted, there no evidence that Plaintiff would be provided with items needed to prepare an acceptable expert witness report.

Finally, Defendants argue that the Plaintiff should not be granted an extension of time to produce expert witness reports because Plaintiff assured the court and the Defendants that such reports would be filed by November 3, 2005. Any default on subpoenas or requests for production of documents had already occurred at the time the extension was granted on October 13, 2005. Plaintiff made no further requests for the production of documents until the current Motion to Compel was filed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel & Motion For Additional Time To Produce Expert Reports (doc. 108) is denied.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2005, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U. S. Magistrate Judge

cc:     All counsel