IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| JOSEPHINE McNEAL, Administrator of the Estate of James McNeal, Jr., )<br><br>Plaintiffs, )<br><br>v. )<br><br>KARL ZOBRIST, In His Official Capacity as Board President of the Board of Police Commissioners of Kansas City, Missouri, et al., )<br><br>Defendants. ) | Case No.  04-CV-2149-CM |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A FOURTH AMENDED COMPLAINT**

Plaintiff's Motion For Leave to File a Fourth Amended Complaint (Doc. 114) comes ten months after the deadline to amend the pleadings, is not supported by any reasonable excuse for its delay, seeks to add claims that are plainly barred by the statute of limitations, and would unduly prejudice the defendants if allowed.  For any one of those reasons, plaintiff's Motion should be denied.

**STANDARD OF REVIEW**

Leave to amend is a matter committed to the court's sound discretion.  *Steinert v. The Winn Group, Inc.*, 190 F.R.D. 680, 682 (D. Kan. 2000).  Leave should be denied when the amendment would cause undue prejudice to the opposing party, when the movant has "unduly and inexplicably delayed" in requesting leave, when the movant has repeatedly failed to cure deficiencies by amendments previously allowed, when the movant acts on a "bad faith or dilatory motive," or when the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Further, where the moving party "knows or should have known of the facts upon which the proposed amendment is

based but fails to include them in the original complaint, the motion to amend is subject to denial." *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991).

## PLAINTIFF'S MOTION SHOULD BE DENIED AS UNTIMELY.

The deadline to amend pleadings in this case passed on March 7, 2005. (Doc. 98, Pretrial Order.) It is "well settled" in the Tenth Circuit that "untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In the *Frank* case, the Tenth Circuit affirmed the district court's denial of leave to amend the complaint with new parties where plaintiff's motion came four months after the amendment deadline. In this case, plaintiff seeks leave to add new parties more than *ten months* after the deadline. Plaintiff's Motion is untimely, and should be denied on that basis alone.

## PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR NOT FILING HER MOTION FOR LEAVE TO AMEND BEFORE NOW.

Plaintiff's Motion should also be denied because she provides no good reason for her delay in asking – again – for leave to amend. *See Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452 (10th Cir. 1991). Plaintiff claims delay because there was "some confusion over whether the shooter was Officer Praschak or Officer Pickens due to various version of the events that led to James McNeal, Jr.'s death." Motion at 3. Yet Plaintiff admits that she knew "this past summer" that non-defendant officer Pickens shot McNeal. *Id.*[1] Plaintiff should have known such basic information about the

---

[1] That information has been available for plaintiff's discovery from the officers themselves since filing her case in 2004. That information has also been available to plaintiff in the Kansas City, Kansas Police Department's investigation file. In fact, one of the Kansas City, Kansas police reports that plaintiff produced to defendants "this past summer" clearly states "Missouri Officer that did the shooting – John Pickens #4636." That document was dated January 5, 2003. Plaintiff only produced that document to defendants in response to the Court's July 27, 2005 Order compelling her to answer defendant Praschak's discovery. (Doc. 64)

2

case well before she filed her Third Amended Complaint (Doc 61) in April 2005.[2] It is unreasonable for plaintiff to claim that she could not have sought leave until now. All plaintiff had to do was read the KCKPD file or take basic discovery from defendants.

It is also unreasonable for plaintiff to make the same procedural rule arguments for amending that she lost once before. Indeed, this Court has already considered the same arguments from plaintiff when it ruled that "plaintiff's failure to discern the identities of defendants True and Rubenstein until this time does not amount to the type of formal defect addressed by Fed. R. Civ. 15(c)(3)." (Doc. 73 at 7.)

### IT IS FUTILE TO ALLOW PLAINTIFF TO AMEND.

Futility is a separate basis for denial of plaintiff's Motion for Leave to Amend. Amendment is futile "if the amended complaint would be subject to dismissal." *Steinert v. The Winn Group, Inc.*, 190 F.R.D. at 682 (citing *Mountain View Pharmacy v. Abbott Lab.,* 630 F.2d 1383, 1389 (10th Cir.1980)). In this case, plaintiff's proposed Fourth Amended Complaint seeks to add 42 U.S.C. § 1983 claims against Officer John Pickens and Sgt. James Rubenstein. Motion at p. 2. But both of plaintiffs' claims are subject to dismissal because the statute of limitations has already run as to them.

First, the Court has already ruled that the statute of limitations ran on plaintiff's claims against Sgt. Rubenstein on January 5, 2005. (Doc. 73, July 25, 2005 Order, stating that "plaintiff's claims against defendants True and Rubenstein are time-barred." *Id*. at 6). Plaintiff does not explain her failure to acknowledge that Order. *See* Motion at p. 4.

Second, the statute of limitations has run as to Officer Pickens. This Court has already ruled that "plaintiff's §1983 and state law outrage claims accrued on January 5, 2003 and expired on

---

[2] The fact that plaintiff should have investigated such basic matters before filing her Third Amended Complaint is already the subject of defendants' Rule 11 Motion (Doc. 115).

January 5, 2005." (Doc. 73 at 6). The Court also dismissed officer Pickens from this case without prejudice on January 25, 2005, because plaintiff did not state a claim against him. (Doc. 46.) Under these facts, the Kansas savings statute gave plaintiff six months from the date of dismissal, *i.e.*, January 25, 2005, to re-assert a claim against Officer Pickens:

> If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff ..... may commence a new action within six (6) months after such failure.

K.S.A. § 60-518.

Here, plaintiff did commence her original action in "due time," and did "fail in such action otherwise than upon the merits." Specifically, the Court dismissed Pickens for failure to state a claim on January 25, 2005. In the interim, the two-year statute had run. Therefore, plaintiff needed to amend to re-assert a claim against Pickens by July 25, 2005. Because she did not, the time allowed under the savings statute lapsed. Her claims against officer Pickens are time-barred and, therefore, futile.[3]

Plaintiff argues, without any authority, that defendants have "implicitly consented" to adding Sgt. Rubenstein and officer Pickens by agreeing to produce them for depositions when plaintiff sought to depose them at the end of July, 2005. Motion at 4. Defendants have contradicted any "implied consent" to include those parties by moving to dismiss them (Docs 27 and 63), and by noting that they are not defendants in the final Pretrial Order (Doc. 98).

Finally, it would be futile to allow plaintiff to amend because there are no genuine issues of material fact on which to base the allegations in her Fourth Amended Complaint. Because the decedent in this case was shot in self-defense, the officers' affirmative defenses of self-defense and

---

[3] Even if K.S.A. § 60-518 did not apply and plaintiff could assert some basis to suspend the statute for the entire time that officer Pickens was a named defendant – which she does not – that ten months of additional time lapsed on November 25, 2005.

qualified immunity clearly prohibit plaintiff's claims against them. *See* defendants' Motion for Summary Judgment (Doc. 116).

## AMENDMENT WOULD CAUSE UNDUE PREJUDICE TO THE DEFENDANTS

Absent other grounds for denying leave to amend, "the determining factor in evaluating a motion to amend should be the prejudice to the opposing party." *Steinert v. The Winn Group, Inc.*, 190 F.R.D. at 683. In this case, the parties have already completed discovery, cemented their claims in the Pretrial Order, and defendants have filed for summary judgment. Defendants would be prejudiced if there were required to re-visit all of their efforts to date, and expend more time defending this meritless case. As this Court noted in *Steinert*, "there must be an end to a particular litigation." *Id.* at 684. The same finality should apply here.

## CONCLUSION

This Court should deny plaintiff's Motion for Leave to File a Fourth Amended Complaint on any one of several bases. First, plaintiff filed her Motion ten months after the deadline to amend the pleadings. Second, plaintiff provides no reasonable basis for her delay in seeking amendment now, especially when she knew or should have known of a basis to amend long ago. Third, her proposed amendment is futile in that her Complaint only adds claims that are barred by the statute of limitations. Fourth, defendants would be prejudiced if leave to amend were granted. Plaintiff's Motion should be denied.

           Respectfully,

           /s/ Patrick D. Martin
           RUSSELL S. JONES, JR.    D. Kan. #70214
           PATRICK D. MARTIN    D. Kan. #21054
           SHUGHART THOMSON & KILROY, P.C.
           1700 Twelve Wyandotte Plaza
           120 W. 12th Street
           Kansas City, Missouri 64105-1929
           (816) 421-3355
           (816) 374-0509 (FAX)

                                     LISA S. MORRIS                  KS #16581
Kansas City, Missouri Police Department
1125 Locust
Kansas City, Missouri  64106
(816) 234-5057
(816) 234-5333 (FAX)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

       I hereby certify that on the 1st day of February, 2006, a true and correct copy of the foregoing document was filed electronically via CM/ECF in the United States District Court for the District of Kansas, with notice of same being electronically served by the Court:

Kelly M. Connor-Wilson
Rebecca Rivers
Connor & Rivers, LLC
9393 W 110th Street, Suite 500
Overland Park, KS  66210

Attorneys for Plaintiffs


                                     /s/  Patrick D. Martin
                                     Attorney for Defendants