lml

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPHINE McNEAL,                                   ) | |
| **Administrator of the Estate of**                  ) | |
| **James McNeal, Jr., As Next Friend,**              ) | |
|                                                     ) | |
| **Plaintiff,**                                      ) | |
|                                                     ) | |
| v.                                                  ) | Case No. 04-2149-JAR |
|                                                     ) | |
| **KARL ZOBRIST, in his official capacity**          ) | |
| **as Board President of The Board of**              ) | |
| **Police Commissioners of Kansas City,**            ) | |
| **Missouri, et. al.,**                              ) | |
|                                                     ) | |
| **Defendants.**                                     ) | |
|                                                     ) | |

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

This matter is before the Court on plaintiff's Motion for Leave to File a Fourth Amended Complaint pursuant to Fed. R. Civ. P. 15 (Doc. 114), in order to permit the addition of Officer John Pickens and Sergeant James Rubenstein back into the case as defendants. Defendants have objected. For the reasons set forth in detail below, plaintiff's motion is denied.

**I.      Background**

This lawsuit arises from the January 5, 2003, shooting of decedent James McNeal, Jr., by Officer John Pickens of the Kansas City, Missouri Police Department. Plaintiff originally filed this case in Wyandotte County, Kansas district court on March 8, 2004, and defendants removed it to this Court (Doc. 1). On July 7, 2004, the Court dismissed defendants Board of Police Commissioners, the Kansas City, Missouri Police Department and Attorney General Jeremiah

Nixon as parties and granted plaintiff sixty days to open an estate and file an amended complaint.[1] Plaintiff has subsequently amended the Complaint three times. The First Amended Complaint incorporated all causes of action plead by plaintiff in the state court case and "was intended to tighten the pleadings into legal language."[2] The Second Amended Complaint specifically named the previously captioned "unidentified supervisor" and "corrected some of the facts as Plaintiff had discovered during the course of investigation."[3] The Third Amended Complaint added Sergeant James Rubenstein as a defendant.

A final pretrial conference was held in this case on October 13, 2005, and the final Pretrial Order (Doc. 98) was entered October 20, 2005. The Pretrial Order states that plaintiff will seek leave to amend her Third Amended Complaint to reassert 42 U.S.C. § 1983 claims against Officer Pickens and Sergeant Rubenstein pursuant to Rule 15.[4] Defendants stated that they opposed any such motion as futile because the deadline for the amendment passed on March 7, 2005, the statute of limitations on each potential defendant had lapsed, and the Court had already ruled that Sergeant Rubenstein may not be added to this case.[5] No motion was pending at that time, however, and the instant motion to amend was not filed until January 18, 2006. Plaintiff requests leave to amend for a fourth time, in anticipation and hope that the Fourth Amended Complaint "will assist all parties, all counsel, and the Court in the continued

---

[1] (Doc. 17.)

[2] (Doc. 114 at 2.)

[3] *Id.*

[4] (Doc. 98 at 28.)

[5] *Id.*

processing of this case."[6] As indicated, the proposed Fourth Amended Complaint seeks to add Officer Pickens and Sergeant Rubenstein as defendants, both of whom were previously dismissed as parties.

## II.   Analysis

In her motion to amend, plaintiff requests leave to amend the Third Amended Complaint. The Pretrial Order, however, supersedes all pleadings and controls the subsequent course of the case.[7]  "When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[8] Accordingly, the Pretrial Order supercedes plaintiff's Third Amended Complaint, and no purpose would be served by granting plaintiff leave to amend the Complaint for a fourth time at this stage of the litigation.[9] Rather than deny plaintiff's motion outright, however, the Court analyzes it as a motion to amend the Pretrial Order.

Under Rule 16(e) of the Federal Rules of Civil Procedure, a pretrial order "may be modified 'only to prevent manifest injustice.'"[10] "The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur."[11] The decision to modify the

---

[6](Doc. 114 at 3.)

[7]*See* Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c).

[8]*Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc., v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987); Fed. R. Civ. P. 16(e)).

[9]*Smith v. Bd. of County Comm'rs of County of Lyon*, 216 F. Supp. 2d 1209, 1213 (D. Kan. 2002).

[10]*Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).

[11]*Id*. at 1208.

3

pretrial order lies within the trial court's discretion.[12] In exercising that discretion, the court should consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of the party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[13] In applying these factors, the paramount concern must be to assure "the full and fair litigation of claims."[14] The timing of the motion to amend in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise.[15]

The Court addresses these factors in the order in which they most logically apply to the facts and circumstances of this case. First, the Court notes that plaintiff did not act in a timely manner in seeking to reassert the section 1983 claims against defendants Pickens and Rubenstein. This case has been on file for over two years. Plaintiff's deadline to file a motion for leave to amend the complaint was March 7, 2005;[16] the instant motion seeking leave to add back in previously dismissed parties is more than ten months after the deadline. This is the third time plaintiff has sought leave to amend her complaint—the Court granted her previous motions, often over defendants' objections. According to plaintiff, Officer Pickens was deposed "this past summer," where he testified that he was the officer that shot decedent John McNeal, Jr.[17] In fact,

---

[12] *Id.*; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citation omitted).

[13] *Koch*, 203 F.3d at 1222 (citations omitted).

[14] *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

[15] *Davey*, 301 F.3d at 1210-11.

[16] (Doc. 98, Pretrial Order.)

[17] (Doc. 114 at 3.)

Officer Pickens was deposed on July 27, 2005.[18] Consequently, plaintiff was aware of the evidentiary basis for the amendment approximately 10 weeks prior to the pretrial conference in October 2005 and six months before filing the current motion to amend on January 18, 2006.

Plaintiff's explanation for the delay verges on bad faith, claiming there was "some confusion over whether the shooter was Officer Praschak or Officer Pickens due to various versions of the events that led to James McNeal, Jr.'s death."[19] Indeed, at Officer Pickens' deposition, plaintiff produced a report from the Kansas City, Kansas Police Department investigation file dated January 5, 2003, that states "Missouri Officer that did the shooting—John Pickens #4636."[20] It is unreasonable for plaintiff to claim that she could not have sought leave until now, when such information was available in the Kansas City, Kansas Police Department file and through discovery from defendants. These considerations belie plaintiff's asserted justification for the delay such that they lead the Court to suspect plaintiff may be acting in bad faith by attempting to reassert the claims so belatedly.

Further, this case is set to proceed on the Court's trial docket on March 17, 2007. This lawsuit was filed in March 2003 and the current motion was not filed until almost two years later on January 18, 2005. By that time, discovery was complete, the Pretrial Order had been entered and the dispositive motion deadline was two days later.[21] This is not the first time plaintiff has asserted claims against these defendants, both of whom were dismissed from the case on separate

---

[18](Doc. 117.)

[19]*Id.*

[20](Doc. 119 at 2.)

[21]The Court notes that plaintiff's motion for leave to amend was filed a mere two days before the dispositive motion deadline ran and after defendant notified her of its intent to file a Motion for Rule 11 Sanctions.

5

grounds. The Court believes that plaintiff's attempt to reassert these claims at such a late date can fairly be characterized as prejudicial. Defendants assert that they would be prejudiced if they would be required to revisit all of their efforts to date. The Court agrees that filing new or supplemental orders at this advanced stage of the litigation would prejudice defendants. Arguably, if the Court were to allow the amendment now, there would be enough time to cure this prejudice by permitting defendants to seek summary judgment on these claims before trial.[22] The Court finds no valid justification for rearranging and reopening the deadlines in this case, however, where plaintiff has offered no reasonable excuse for what appears to have been a substantial delay in seeking to reassert the claims against these defendants.

Finally, the extent to which including the section 1983 claims against these defendants would disrupt the orderly and efficient trial of this case is unclear. Determining the degree of disruption loses any urgency where, as here, plaintiff has not provided the Court with any justification from which it could find that it should allow the amendment to prevent manifest injustice. Plaintiff has failed to meet this burden.

In addition to the factors discussed above, the Court notes that it is justified in denying a motion to amend a pleading as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.[23] Although typically raised in the context of a motion to amend complaint brought pursuant to Rule 15(a), the Court finds such analysis appropriate

---

[22] The Court finds any such amendment would be futile, as discussed *infra*.

[23] *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

under the circumstances of this case.[24]  A court may not grant dismissal "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[25]  For purposes of this motion, the Court must accept as true all well-pleaded facts and view those facts in the light most favorable to plaintiff.[26]

In this case, plaintiff seeks to reassert § 1983 claims against Officer Pickens and Sergeant Rubenstein.  Defendants assert that both of plaintiff's claims are subject to dismissal because the statute of limitations has already run as to both of them.  As Judge Murgia previously ruled in his Order of July 25, 2005 (Doc. 73), plaintiff's § 1983 claims are governed by the applicable two-year statute of limitations.[27]  Judge Murgia agreed with defendants that plaintiff's § 1983 claims accrued on January 5, 2003, the date of the shooting, and expired on January 5, 2005.[28]  Judge Murgia specifically ruled at that time that the statute of limitations ran on plaintiff's claims against Sergeant Rubenstein on January 5, 2005, stating that plaintiff's claims against defendants True and Rubenstein are time-barred."[29]  Plaintiff does not address or even mention this order in her motion.  The Court's prior ruling on the statute of limitations and dismissing Sergeant

---

[24]Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Factors for the court to consider in granting such motion include undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[25]*Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[26]*See Jefferson County Sch. Dist. Dist. No. R-1 v. Moody's Investor's Servs. Inc.*, 175 F.3d 848, 855 (10th Cir. 1999) (interpreting the standard for a motion to dismiss).

[27]*See Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1300-01 (10th Cir. 1991) (explaining that the court applies the two-year statute of limitations provided by K.S.A. § 60-513(a)(4) to § 1983 claims).

[28](Doc. 73 at 6.)

[29]*Id.*

Rubenstein is law of the case, and the Court will not revisit the issue as to Sergeant Rubenstein.[30]

The Court finds that the statute of limitations has also run as to Officer Pickens, who was dismissed from the case without prejudice on January 25, 2005, because plaintiff did not state a claim against him.[31]  Because Officer Pickens' dismissal was without prejudice, the Kansas savings statute gave plaintiff six months from the date of dismissal, or January 25, 2005, to re-assert a claim against him:

> If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, . . . may commence a new action within six (6) months after such failure.[32]

In this case, plaintiff timely commenced her original action on March 8, 2004, and the Court dismissed Officer Pickens without prejudice on January 25, 2005.  In the interim, the two-year statute of limitations had run.  Thus, plaintiff's deadline to re-assert a claim against Officer Pickens ran on July 25, 2005—she did not request leave to amend, however, until January 18, 2006.  Accordingly, plaintiff's time allowed under the savings statute lapsed and her claim against Officer Pickens is time-barred and thus futile.[33]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Leave

---

[30]*See United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, 321 F. Supp. 2d 1214, 1217 n.4 (D. Kan. 2004) (same).

[31](Doc. 46.)

[32]K.S.A. § 60-518.

[33]Assuming, *arguendo*, that K.S.A. § 518 did not apply and the statute of limitations was somehow suspended for the time period that Officer Pickens was a named defendant, that ten months of additional time lapsed on November 25, 2005.

to File a Fourth Amended Complaint (Doc. 114) is DENIED.

    IT IS SO ORDERED.

    Dated this 18th day of September 2006.

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge

*McNeal v. Zobrist, et al.*, 04-2149-JAR, Memorandum and Order Denying Plaintiff's Motion for Leave to File Fourth Amended Complaint