lml

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPHINE McNEAL,** ) | |
| **Administrator of the Estate of** ) | |
| **James McNeal, Jr., As Next Friend,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-2149-JAR |
| ) | |
| **KARL ZOBRIST, in his official capacity** ) | |
| **as Board President of The Board of** ) | |
| **Police Commissioners of Kansas City,** ) | |
| **Missouri, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This lawsuit arises from the January 5, 2003, shooting of decedent James McNeal, Jr. by Officer John Pickens of the Kansas City, Missouri Police Department. On September 18, 2006, the Court denied plaintiff's motion for leave to file a fourth amended complaint (Doc. 128) and granted defendants' motion for summary judgment and sanctions (Doc. 129). This matter is before the Court on plaintiff Josephine McNeal's Motion to Amend or Alter the Judgments entered by this Court on September 18, 2006, pursuant to Fed. R. Civ. P. 59(e) (Doc. 130). For the reasons explained in detail below, the Court finds the majority of plaintiff's arguments to be without merit and denies her motion with respect to all but the issue of attorney's fees.

**I.      Standard**

Relief under Rule 59(e) is warranted based on an intervening change in the controlling law, new evidence previously unavailable, and the need to correct clear error or prevent manifest

injustice.[1]  A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.[2]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[3]  The law in this circuit is clear that a Rule 59(e) motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment."[4]  Rule 59(e) motions

> are aimed at *re*consideration, not initial consideration.  Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued.  Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.[5]

## II.   Discussion

Plaintiff moves pursuant to Fed. R. Civ. P. 59(e) to alter or amend the following orders: (1) Memorandum and Order Denying Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 128); and (2) Memorandum and Order Granting Motion for Summary Judgment and Sanctions (Doc. 129).  Plaintiff contends that her Rule 59(e) motion alleges clear error and manifest injustice, and gives the Court the opportunity to correct errors in its orders.  On the contrary, the Court finds that plaintiff merely repeats arguments considered and rejected

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[2] *Id.*

[3] *Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[4] *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993); *see also* Charles Alan Wright, et al., *Federal Practice and Procedure*: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[5] *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994) (internal quotation marks omitted).

by the Court and now seeks to supplement her arguments with additional issues that were not raised in her previous submissions. The law is clear that "rehash[ing] arguments previously addressed or present[ing] new legal theories or facts that could have been raised earlier is not permitted by Rule 59(e)."[6] The Court is especially troubled by plaintiff's failure to brief or address many of these arguments in detail as part of her responses to defendants' numerous motions, despite having ample notice and opportunity of the issues before her. Nevertheless, the Court is compelled to briefly address several of the issues raised by plaintiff.

### A.     Motion for Leave to File Fourth Amended Complaint

Plaintiff provides no basis under Rule 59(e) for the Court to alter or amend its Order denying leave to file a fourth amended complaint. Plaintiff's motion to alter or amend makes the same legal arguments as presented in her previous submissions, along with an expanded discussion of the requirements to amend a pretrial order. Plaintiff contends that defendants were not prejudiced by the attempted "re-insertion" of Officers Pickens and Rubenstein in the lawsuit, as the Court could have allowed the parties to reopen discovery in time to prepare for trial. Moreover, plaintiff argues, these defendants had been in the lawsuit previously, and defendants had already prepared for their defense. This argument fails to address the Court's ruling that adding these defendants back into the case would be futile, as plaintiff's claims against both officers are barred by the statute of limitations. The Court finds no grounds for altering its decision on this basis.

Plaintiff also contends that the amendment should have been allowed to prevent the manifest injustice of "1) allowing police officers to follow Kansas residents outside of their

---

[6]*Brown*, 101 F.3d at 1332.

designated jurisdictions, 2) allowing police officers to chase Kansas residents, who have not been deemed to be violent or danger [*sic*] felons in the process of committing a felony, and 3) allowing police officers to shoot unarmed Kansas residents."[7]  These are all legal theories raised by plaintiff against the remaining defendants.  Denying plaintiff's request to amend her complaint to reinsert Officers Pickens and Rubenstein did not preclude her from pursuing those issues as to the remaining defendants, although they were ultimately found to be without merit in the context of the motion for summary judgment.  The Court will not alter or amend its order on these grounds.  Plaintiff's motion to alter or amend the order denying leave to file fourth amended complaint is denied.

### B. Motion for Summary Judgment

Plaintiff provides no basis under Rule 59(e) for the Court to alter or amend its Order granting defendants summary judgment.  Instead, plaintiff's argument is based on mischaracterization of the Court's Order and unfounded assertions that the "conclusions made by the Court cannot be reasonably drawn from the evidence."[8]  Plaintiff misapprehends the Court's ruling regarding the rules that govern the summary judgment process.  D. Kan. Rule 56.1(1) requires that each fact in dispute shall be numbered by paragraph, and the party opposing summary judgment shall refer with particularity to the record upon which it relies.  D. Kan. Rule 56.1(2) requires a party opposing summary judgment to set forth any additional facts not contained in movant's memorandum in separately numbered paragraphs, supported by references to the record; the party filing summary judgment is likewise required to specifically controvert

---

[7](Doc. 130 at 1.)

[8](Doc. 130 at 6.)

these additional facts.[9]  Because plaintiff failed to specifically controvert most of defendant's material facts, the Court deemed the facts presented in defendants' motion as uncontroverted. Indeed, the majority of defendants' facts were stipulated to in the Pretrial Order.[10]  Plaintiff also continues to assert that there are issues of material fact regarding whether there was probable cause for the stop, whether there was a struggle for the gun, the number of shots fired, and the lighting conditions Officer Picken's uniform.  As the Court explained, plaintiff failed to present these additional factual contentions in separately numbered paragraphs as required by Rule 56.1(2).

Plaintiff's argument appears to conflate these two separate requirements—the Court did not deem defendant's facts uncontroverted because she did not controvert those facts in separately numbered paragraphs, but rather, because she failed to specifically controvert those facts.  Moreover, the additional factual issues plaintiff argues precludes summary judgment are not material to her excessive force claims and, in several instances, are erroneous or contrary to the record or stipulations of the parties.  The remainder of plaintiff's motion merely repeats arguments that have already been considered and rejected by the Court.  The Court will not alter or amend its ruling on this basis.

### C. Sanctions and Attorney's Fees

Plaintiff provides no basis under Rule 59(e) for the Court to alter or amend the substance of its Order granting Rule 11 sanctions.  Plaintiff asserts that defendants "chose to assert qualified immunity three years into the case," and that the Court's imposition of sanctions

---

[9]D. Kan. Rule 56.1(2).

[10](Doc. 98, ¶ 4.)

proposes that plaintiff should have known that defendants were protected by qualified immunity, and thus should not have filed this case. On the contrary, defendants raised qualified immunity as an affirmative defense in each Answer that they filed; any delay was due to the various motions to dismiss filed by defendants prior to answering the various amended complaints. Moreover, the Court's imposition of sanctions was not based on plaintiff's failure to recognize the qualified immunity defense, but on a failure to conduct a reasonable inquiry into a host of facts and law asserted in the Third Amended Complaint.

Plaintiff also argues that she did in fact identify expert Kevin Gors of Sealmar Protection Services, Inc. in her Rule 26 disclosures, as an expert who would testify about the proper use of force. However, it is axiomatic that Rule 59(e) may not be used to raise arguments that a party had the ability to address in the first instance.[11] Plaintiff's briefing on the motion for sanctions and summary judgment contains no discussion of the requirement for producing an expert witness to testify about the training procedures of law enforcement officers. It is simply too late for plaintiff to invoke this argument and the Court need not consider it here.[12]

Finally, the Court notes that subjective bad faith is not required to trigger Rule 11 sanctions.[13] Thus, plaintiff's assertion that there was no bad faith on her part, on counsel's part, is unavailing. The Court's underlying imposition of Rule 11 sanctions will not be altered.

Upon review of the parties' submissions, however, the Court will clarify its Order to limit

---

[11]*Brown*, 101 F.3d at 1332.

[12]In any event, the Court has reviewed the record and cannot locate any referral to or designation of Mr. Gors as an expert witness.

[13]*Medical Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1332 (D. Kan. 2006) (citation omitted).

those sanctions to plaintiff's counsel, and not plaintiff. The Court may impose sanctions against plaintiff, plaintiff's counsel, or against both with joint and several liability.[14] However, "the sanctioning of a party requires specific findings that the party was aware of the wrongdoing."[15] Certainly plaintiff's counsel, Kelly M. Connor-Wilson and Rebecca Rivers, are culpable. The Court declines to impose sanctions against plaintiff, however, as there is no evidence that she insisted, against the advice of counsel, that the claims be asserted or that she had a sufficient understanding of the nature, elements and limitations of the attempted claims to independently evaluate the applicability to the alleged facts.[16] Therefore, sanctioning plaintiff's counsel serves to deter them from future frivolous filings.[17]

In that same vein, the Court will also alter and amend its previous Order granting defendants' motion for attorney's fees pursuant to section 706(k) of Title VII. An award of fees pursuant to section 706(k) is assessed against the plaintiff, not her counsel. Counsel's latest submissions further reinforce the Court's conclusion that plaintiff is not culpable for these frivolous filings. Accordingly, the Court will alter its previous Order and deny defendants' request for attorney's fees pursuant to section 706(k).

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Alter or

---

[14]*White v. General Motors, Inc.*, 908 F.2d 675, 685-86 (10th Cir. 1990).

[15]*Id.* at 685 (citations omitted).

[16]*Barrett v. Tallon*, 30 F.3d 1296, 1303 (10th Cir. 1994) ("Thus, in the case of a frivolously pleaded RICO claim, it seems that the court should sanction the responsible attorneys rather than the plaintiffs, unless it finds that the plaintiffs insisted, against the advice of counsel, that the RICO claim be asserted, or that the plaintiffs had a sufficient understanding of the nature, elements, and limitations of the attempted RICO claim to independently evaluate its applicability to the alleged facts.").

[17]The Court further found that defendants' reasonable attorney fees and costs would serve as a guide in determining the amount of sanctions. Defendants have submitted a request for fees, which the Court will address in a separate order.

Amend pursuant to Rule 59(e) (Doc. 130) is DENIED with respect to the Court's Order Denying Plaintiff Leave to File Fourth Amended Complaint; DENIED with respect to the Court's Order granting summary judgment; DENIED with respect to the underlying award of Rule 11 sanctions, with the clarification that such sanctions are imposed only against plaintiff's counsel; and GRANTED with respect to the Court's previous award of attorney's fees pursuant to section 706(k).

IT IS SO ORDERED.

Dated this 11th day of January 2007.

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge